IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| KASSANDRA FLORES, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO. 5:23-cv-119 |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, | § § § § | |
| *Defendant.* | § | |

### ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S
### NOTICE OF REMOVAL

Allstate Vehicle and Property Insurance Company ("Allstate") timely files this Notice of Removal, pursuant to 28 U.S.C. Sections 1441(a), 1446(b), and 1332(a), removing this action from the County Court at Law Number One, Webb County, Texas to the United States District Court for the Southern District of Texas, Laredo Division. In support thereof, Allstate shows the Court as follows:

### I.  Background

1. On March 21, 2022, according to Plaintiff's Original Petition, Plaintiff allegedly sustained property damages arising from windstorm, which Plaintiff allege are covered in an insurance policy that Plaintiff had with Allstate.[1] Plaintiff further alleges that Allstate "Defendant failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy."[2]

2. On October 2, 2023, Plaintiff served Defendant with the lawsuit styled *Kassandra Flores v. Allstate Vehicle and Property Insurance Company* via process server through Defendant's registered agent, in which Plaintiff seeks to recover from Allstate for all damages arising from the

---

[1] *See* Exhibit A-2, Plaintiff's Original Petition, Paragraph 5.1 through 5.3.
[2] *See* Exhibit A-2, Plaintiff's Original Petition, Paragraph 5.18.

*Allstate Vehicle and Property Insurance Company's Notice of Removal*                                    *Page 1*

alleged windstorm pursuant to a policy of insurance issued by Allstate.[3] Therein, Plaintiff asserts causes of action against Allstate for application for declaratory relief, breach of contract; violation of section 541, 542, and 551 of the Texas Insurance Code; violations of the Texas Deceptive Trade Practices Act; breach of the duty of good faith and fair dealing and fraud.[4]

3. Plaintiff pleads for monetary relief "aggregating $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs."[5]

## II. Grounds for Removal

4. This Honorable Court has original jurisdiction of this suit based on 28 U.S.C. §§ 1332(a), 1441, and 1446 because it arises from a controversy between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

**A. Parties are Diverse**

    i.    Plaintiff's Citizenship

5. Plaintiff is a natural person who owns property and resides in Texas, thus demonstrating that Plaintiff is domiciled in the state of Texas.[6] Plaintiff has not pled or alleged citizenship of any state other than Texas. Plaintiff is believed to be a citizen of Texas because "for purposes of federal subject-matter (diversity) jurisdiction," a natural person is "a citizen of but one State [and] [t]hat is the state in which the person is domiciled."[7] Thus, Plaintiff is a citizen of Texas for purposes of diversity.

---

[3] *See generally,* Exhibit A-2, Plaintiff's Original Petition.
[4] *See* Exhibit A-2, Plaintiff's Original Petition, Paragraphs 5.1 through 13.5.
[5] *See* Exhibit A-2, Plaintiff's Original Petition, Paragraph 1.1 through 1.3.
[6] *See* Exhibit A-2, Plaintiff's Original Petition, Section II, Paragraph 2.
[7] *O'Neal v. DePuy Synthes Sales, Inc.,* No. 19-CV-1328, 2019 WL 5569615, at *1 (W.D. La. Oct. 28, 2019), *citing Wachovia Bank v. Schmidt,* 126 S. Ct. 941, 951 (2006); *and, Acridge v. Evangelical Lutheran Good Samaritan Soc.,* 334 F.3d 444, 451 (5th Cir. 2003).

6.	Defendant Allstate was at the time the lawsuit was filed and at the time of Defendant's Notice of Removal, an Illinois corporation with its principal place of business in Illinois. Accordingly, Allstate is a citizen of the State of Illinois for diversity purposes.

7.	Therefore, because Plaintiff is a citizen of the State of Texas and Allstate Vehicle and Property Insurance Company is a citizen of the State of Illinois, complete diversity of citizenship exists between the parties.

**B.	Amount in Controversy**

8.	The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.[8] The removing party may satisfy its burden by either (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00 or (2) "by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount."[9]

9.	If a defendant can produce evidence that establishes the actual amount in controversy exceeds the jurisdictional threshold, a plaintiff must be able to show that, to a legal certainty, he will not be able to recover more than the damages for which he has prayed in the state court complaint.[10]

　　i.	<u>It is facially apparent from the petition that the claim likely exceeds $75,000.00</u>

10.	Here, pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff's pleading seeks damages of monetary relief "aggregating $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs."[11] Thus, this matter exceeds the amount in

---

[8] *Grant v. Chevron Phillips Chem. Co. L.P.,* 309 F.3d 864, 868 (5th Cir. 2002).
[9] *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).
[10] *See De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1409 (5th Cir. 1995).
[11] Rule 47 requires one of the following claims for relief:
(1) only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses; prejudgment interest, and attorney fees; or
(2) monetary relief of $100,000 but not more than $200,000; or

controversy requirement set forth in 28 U.S.C. § 1332. However, even if it is determined that is not facially apparent from the petition that Plaintiff's claim likely exceeds $75,000.00, the facts in controversy support a finding that Plaintiff's claim likely exceeds that amount.

    ii.    <u>Evidence of the amount in controversy support a finding that the claim exceeds $75,000.00.</u>

11. To determine the amount in controversy, the court may consider "penalties, statutory damages, and punitive damages."[12]

12. Here, Plaintiff's petition seeks the following categories of damages:

- Benefit of the bargain;
- Compensatory damages;
- Actual damages;
- Exemplary damages;
- Treble damages;
- Economic damages;
- Mental anguish;
- Costs;
- Attorney's fees; and
- Interest.[13]

---

(3) monetary relief over $200,000 but not more than $1,000,000; or
(4) monetary relief over $1,000,000
*See* Tex. R. C. P. 47; *and* <u>Exhibit A-2,</u> Plaintiff's Original Petition, Paragraph 1.1 through 1.3.
[12] *St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds,* No. 3;98-CV1288-G, 1999 WL 151667, at 2-3 (N.D. Tex. Mar. 10, 1999)(finding a sufficient amount in controversy in Plaintiff case against his insurance company).
[13] *See* <u>Exhibit A-2,</u> Plaintiff's Original Petition, Paragraphs 15.1 through 15.9.

13. Plaintiff's pleading of damages clearly indicates an amount in controversy greater than $75,000.[14]

14. In addition to the foregoing, Plaintiff's insurance policy implicates that the value of the underlying claim is in excess of the jurisdictional limits. Specifically, in determining the amount in controversy relative to coverage under an insurance policy, the Fifth Circuit in *St. Paul Reinsurance Co. v. Greenberg* defined the "object of the litigation" as the "value of the right to be protected."[15] In *Hartford Ins. Group v. Lou-Con Inc.,* the Fifth Circuit specified that for claims involving the applicability of the insurance policy to a particular occurrence, the amount in controversy is measured by the "value of the underlying claim."[16]

15. The subject homeowner's policy forms the contractual basis for Plaintiff's breach of contract claim.[17] The policy provides that the limits of coverage to Plaintiff's property at issue are $240,985 in dwelling protection; $24,099 in other structures protection; and $144,591 in personal property protection for a total of $409,675 in total policy coverages.[18]

16. The limits for the insured property implicate an amount in controversy above the jurisdictional threshold. That is, it is the policy that serves as the basis of Plaintiff's breach of contract claim.[19] Accordingly, Plaintiff's breach of contract claim alone implicates that the value of the underlying claim is in excess of the jurisdictional limits. When combined with the extra-contractual and statutory damages alleged, the amount is well-above the threshold.

---

[14] *Troiani v. Allstate Ins. Co.,* No. CIV-B-06-00067, 2006 WL 1851378, at *4 (S.D. Tex. July 3, 2006)(finding that the combination of the Plaintiff's claim of maximum recovery of $70,000 plus claims for additional attorneys' fees and exemplary damages clearly illustrated that the amount in controversy exceeded $75,000).
[15] 134 F. 3d 1250 (5th Cir. 1998)(declaratory judgment action); *see also Noyola v. State Farm Lloyds,* No. 7:13-CV-146, 2013 WL 3353963 (W.D. Tex. 2013)(applying *St. Paul Reinsurance Co.* analysis to breach of contract case arising from hailstorm damage claim).
[16] 293 F.3d 908, 911 (5th Cir. 2000).
[17] *See generally,* Exhibit A-2, Plaintiff's Original Petition.
[18] *See* Exhibit C, Policy Declarations Sheet.
[19] *See Noyla,* 2013 WL 3353963, at *3 (noting plaintiffs breach of contract claim facially implicated the limits of the policy).

17. Further, Plaintiff's own demand letter (the "Demand") implicates an amount in controversy that exceeds $75,000.00. Plaintiff's Demand dated June 1, 2023, makes a pre-suit demand for $81,000.00.[20] Thus, Plaintiff's own Demand clearly shows that the amount in controversy in this matter is likely to exceed $75,000.00.

18. Taking into consideration Plaintiff's pleading, the categories of damages asserted, the policy limits applicable to this specific occurrence, Plaintiff's demand and the contractual and extra-contractual damages claimed by Plaintiff, it is clear that the amount in controversy exceeds $75,000.00.

19. Taking into consideration Plaintiff's pleading, the categories of damages asserted, the policy limits applicable to this specific occurrence, and the contractual and extra-contractual damages claimed by Plaintiff, it is clear that the amount in controversy exceeds $75,000.00.

### III.   Grounds for Removal

20. This notice of removal is timely filed within thirty (30) after service of process upon Defendant.[21]

21. Venue is proper in this Court under 28 U.S.C. §1441(a) because the District and Division of this Honorable Court embrace Webb County, Texas, the venue where this suit was initiated.[22]

22. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, and orders served upon Defendant in the state court action are attached hereto.[23]

23. Pursuant to 28 U.S.C. §1446(d), Defendant will promptly provide a true and correct copy of this Notice of Removal to Plaintiff and to the County Clerk of Webb County.

---

[20] *See* Exhibit D, Plaintiffs Statutory Demand Letter.
[21] *See* 28 U.S.C. §1446(b)(l), and Exhibit A-4, Affidavit of Service dated October 2, 2023.
[22] *See* generally, Exhibit A-2, Plaintiff's Original Petition.
[23] *See* Exhibit A – Exhibit A-4.

## IV.    Prayer

WHEREFORE, Defendant, Allstate Vehicle and Property Insurance Company, hereby removes the above-captioned matter, now pending in the County Court at Law Number One, Webb County, Texas to the United States District Court for the Southern District of Texas, Laredo Division.

Respectfully submitted,

/s/Nicholas Smith
Nicholas Smith
State Bar No. 24093175
nsmith@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, L.L.P.
10001 Reunion Place, Suite 400
San Antonio, Texas 78216
Telephone: (830) 252-5100
Facsimile: (214) 871-8209

Roger D. Higgins
State Bar No. 09601500
rhiggins@thompsoncoe.com
R. Annie Banks
State Bar No. 24120361
abanks@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209

**ATTORNEYS FOR DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

      This is to certify that on the 1st day of November 2023, a copy of this document was served to all Counsel of Record via electronic notice to:

Jason Palker
PALKER LAW FIRM, PLLC
4428 S. McColl Rd.
Edinburg, TX 78539
Telephone: (956) 320-0270
Email: service@palkerlaw.com

                    */s/ Nicholas Smith*
                    Nicholas Smith